Thomas A. Aurelio, J.
This is an action for separation from bed and board of defendant. The parties were married on December 20, 1953 and there is issue of the marriage, twin daughters, Pamela and Deborah, born on September 18, 1957, both of whom are in custody of their mother, plaintiff here.
The complaint sets forth a long list of incidents • in their married life occurring both in private and in public, that is, in the presence of relatives and friends. I think it is better not to give the details here. I conclude that the incidents referred to, more or less, amount to nothing more than the ordinary bickerings, quarrels and misunderstandings ofttimes engaged in by married couples and are insufficient to warrant a decree of separation.
Defendant’s answer denies the material allegations of the complaint and sets forth various defenses, to wit:
1. That plaintiff on September 13,1962 left their home without just cause, taking their children, and has refused all requests by defendant to return to their home.
2. That the defendant has made bona fide offers of reconciliation which offers plaintiff has rejected.
3. That defendant is ready and willing to provide a home for plaintiff wherein she can perform her duties as a wife, and that the plaintiff without justifiable reason declines.
4. That if the defendant said anything not in accord with his responsibility as a husband it was due to the provocation of plaintiff in requesting a divorce,
*480 5. That the apparent misconduct of plaintiff bars her right to separation pursuant to section 1163 of the Civil Practice Act.
Defendant admits that perhaps he has been too dominant in his relationship with his wife and he has not denied having shown signs of being jealous at times when his wife appeared overfriendly with another man. Be that as it may, I am convinced that defendant husband is extremely in love with his wife. He praised her sky-high as an intelligent and a fine wife and an excellent mother to their children, twin daughters, five and a half years of age, whom he loves dearly. She stated life with him is unbearable, but he contends her claim is unreasonably magnified and even if there is any justification for it, that she has been unfair to him in that she refuses to give him a chance and the opportunity to prove to her that he is capable of mending his ways to comply with her wishes and demands, in order to make a go of their marriage, which he firmly regards as sacred. She testified her love for him is dead. I recognize that the deadest of all dead things is dead love and, yet, I believe that it is possible, even in a ease like this, to resurrect that love and rekindle the spark that brought them to the altar.
In these circumstances and based on the credible evidence adduced before me, I find and decide that plaintiff wife’s complaint is insufficient to warrant a decree of separation. Accordingly, her complaint is dismissed on the merits. However, I am satisfied that plaintiff wife is a fit mother and capable of having custody of the twins, issue of the marriage, and that defendant husband should contribute to their support in accordance with his means and that he should pay the sum of $40 weekly and perhaps someday soon the parties will reconcile their differences and live happily ever after. Defendant shall have reasonable visitation rights with his children, and it is hoped that the parties will reach agreement as to time and place for such visitation. If necessary, the facilities of the Family Counseling Unit of this court will be made available to the parties for this purpose.
The court does not pass on the question of the furnishings, wearing apparel and furniture, etc., claimed by the plaintiff, as this issue was not sufficiently and properly litigated.